NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NEIL GRENNING,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>MAGGIE MILLER-STOUT, sued in individual and official capacity and FRED FOX, sued in individual and official capacity,<br><br>Defendants-Appellees. | No. 16-35903<br><br>D.C. No. 2:09-cv-00389-RMP<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted August 27, 2018
Seattle, Washington

Before: HAWKINS, McKEOWN, and W. FLETCHER, Circuit Judges.

Neil Grenning appeals the district court's denial of his requests for (1) a

permanent injunction against the 24-hour lighting conditions in the Special

Management Unit ("SMU") at Airway Heights Correction Center ("AHCC" or

"the prison") in Spokane, Washington; and (2) declaratory relief that those

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

conditions constitute cruel and unusual punishment in violation of the Eighth Amendment. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Grenning has standing to pursue injunctive and declaratory relief. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). He endured constant illumination in the SMU for thirteen consecutive days and remains incarcerated at AHCC. He claims several physical injuries resulted from the lighting conditions, which the prison could reinstitute at any time. This personal stake in the outcome confers standing. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

The district court acted within its discretion in denying Grenning's request for permanent injunctive relief. *Or. Coast Scenic R.R., LLC v. Or. Dep't of State Lands*, 841 F.3d 1069, 1072 (9th Cir. 2016) (reviewing for abuse of discretion a district court's denial of a request for a permanent injunction). Such relief is "extraordinary," particularly under the Prison Litigation Reform Act. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008); 18 U.S.C. § 3626(a)(1). To obtain a permanent injunction, Grenning had to demonstrate that: (1) he "suffered an irreparable injury;" (2) "that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;" (3) "that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted;" and (4) "that the public interest would not be disserved by a permanent injunction."

2

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

The district court heard ample evidence supporting its conclusion that Grenning failed to show that he is entitled to a permanent injunction. Its conclusions largely rested on credibility determinations adverse to Grenning's claims, findings that we review for clear error. *Valenzuela v. Michel*, 736 F.3d 1173, 1176 (9th Cir. 2013). The district court's conclusion that the lighting conditions did not cause Grenning to suffer irreparable injury are well-grounded in the record and entitled to "special deference." *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985). In addition, the district court permissibly found that legitimate penological reasons support utilizing 24-hour lighting in certain circumstances. This finding supports the district court's conclusion that Grenning failed to show that the balance of hardships and public interest favor entry of a permanent injunction. We note that Grenning cites several cases here that were not presented to the district court, showing that AHCC's lighting is brighter than isolation units in other prisons. *See, e.g.*, *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1020, 1027 (S.D. Cal. 2006); *Wills v. Terhune*, 404 F. Supp. 2d 1226, 1229 (E.D. Cal. 2005); *King v. Frank*, 371 F. Supp. 2d 977, 981 (W.D. Wis. 2005).

The district court's factual findings were not clearly erroneous, and it was within its discretion in denying permanent injunctive relief based on those findings. Grenning was not entitled to declaratory relief because he failed to show

3

deliberate indifference on the part of prison officials.[1] *Johnson v. Lewis*, 217 F.3d 726, 734 (9th Cir. 2000). We deny as moot the State's motion to strike.

**AFFIRMED.**

---

[1] We leave for another day the important Eighth Amendment issues implicated by 24-hour lighting conditions (also referred to as constant illumination). *See, e.g.*, *Keenan v. Hall*, 83 F.3d 1083, 1090–91 (9th Cir. 1996) (holding that the plaintiff's Eighth Amendment claim based on 24-hour lighting presented a triable issue of fact), *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998); *Chappell v. Mandeville*, 706 F.3d 1052, 1058 (9th Cir. 2013) ("*Keenan* did not clearly establish that constant illumination violates the Eighth Amendment when done for a legitimate penological purpose."); *Grenning v. Miller-Stout*, 739 F.3d 1235, 1240 (9th Cir. 2014) ("The precise role of legitimate penological interests is not entirely clear in the context of an Eighth Amendment challenge to conditions of confinement.").